

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Barry Myrvold
Senior Counsel
bmyrvold@law.nyc.gov
(212) 356-2324 (tel.)
(212) 356-3509 (fax)

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-25-13
```

**MEMO ENDORSED**

November 22, 2013

*Please explain for jury why the proposed motion ought not wait until stage when summary judgment may be combined with it. No other date will be set. For letter to Chambers by November 30. SO ORDERED.*
*3. [signature] USDJ 11-25-13*

**By Fax (212) 805-7949 and ECF**
Honorable P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Estate of Mohamed Bah v. City of New York, et al.,
      1:13-cv-6690-PKC

Your Honor:

I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendant The City of New York in this action. For the reasons set forth below, I write to respectfully request leave to file a motion under Fed. R. Civ. P. 12(c) to dismiss plaintiff's negligence claims set forth in the seventh claim for relief (Complaint, ¶¶ 93-99) and claim for injunctive relief.

By way of background, plaintiff Oumou Bah brings this action as administrator of the estate of her brother, Mohamed Bah, who was fatally injured in a September 25, 2012, incident involving several New York City police officers. The complaint alleges, inter alia, that in response to a 911 call by decedent's mother, who was worried that her son was depressed and in need of medical attention, numerous police officers unlawfully entered the decedent's home, tasered him, fired a bean bag and shot him several times, ultimately resulting in his death. Insofar as pertinent to this request, the complaint alleges that the officers negligently discharged their duties in forcing the door open, using their tasers and other improper conduct, Complaint, ¶ 93-94, and that the City negligently trained or supervised its officers. Complaint, ¶¶ 96-97. Plaintiff also seeks injunctive relief with respect to the NYPD's allegedly deficient policies regarding responding to situations involving emotionally disturbed persons.

Hon. P. Kevin Castel
November 22, 2013
Page 2

Plaintiff may not maintain these negligence claims against the as yet unnamed officers under New York State law. First, such claims are subject to New York State's expansive doctrine of good faith immunity for law enforcement officers engaged in discretionary functions. See, e.g., Papineau v. Parmley, 465 F.3d 46, 63 (2d Cir. 2006) (qualified immunity available on state law claims except where an official's actions are undertaken in bad faith or without reasonable basis); accord Stein v. Barthelson, 2011 U.S. App. LEXIS 7296 at *8 (2d Cir. Apr. 8, 2011) (summary order). Pursuant to that common law doctrine, a government employee is immune from suit if he exercised discretion and judgment integral to his role. Estate of Rosenbaum v. City of New York, 982 F. Supp. 894, 895-96 (E.D.N.Y. 1997). As the officers exercised the discretion and judgment inherent in a police officer's job, based on their training and experience, with regard to a quickly-evolving incident, they should therefore have immunity as to plaintiff's state law claims. Second, to the extent that the negligence claim against the officers arise from the intentional use of force, such claims are barred because New York does not recognize negligent assault and battery. Lazaratos v. Ruiz, No. 00 Civ. 2221 (BSJ), 2003 U.S. Dist. LEXIS 17511 at *22-23 (S.D.N.Y. Sept. 30, 2003).

Plaintiff's negligent training and supervision claim against the City is barred because, as plaintiff alleges, the individual officers were acting within the scope of their employment. Annunziata v. City of New York, No. 06 Civ. 7637 (SAS), 2008 U.S. Dist. LEXIS 42097 at *15 (S.D.N.Y. May 28, 2008).

Finally, plaintiff cannot maintain an action for injunctive relief because she lacks standing to seek an injunction. In order to meet the constitutional minimum of standing to seek injunctive relief, a plaintiff must establish that "'he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct.'" Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (citations and internal quotation marks omitted)). "In doing this, [the plaintiff] 'cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future.'" Id. (quoting DeShawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998)); see also O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974) (holding that "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects"). Plaintiff cannot demonstrate a likelihood of future injury to plaintiff's decedent resulting from any NYPD policies.

Accordingly, the City respectfully requests leave to file a motion to dismiss plaintiff's negligence claims and claim for injunctive relief under Fed. R. Civ. P. 12(c).

Respectfully submitted,

Barry K. Myrvold

Hon. P. Kevin Castel
November 22, 2013
Page 3

cc (via ECF):   Randolph M. McLaughlin
　　　　　　　　Debra S. Cohen
　　　　　　　　Jeffrey M. Norton
　　　　　　　　Franciscus L. Diaba
　　　　　　　　Mayo Bartlett
　　　　　　　　Abdulwali Muhammad
　　　　　　　　*Attorneys for Plaintiff*