1:13-cv-06690-PKC-KNF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMOU BAH, AS ADMINISTRATOR OF THE
ESTATE OF MOHAMMED BAH,

                                                     Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

                                                     Defendants.

# REPLY MEMORANDUM

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel:  Barry Myrvold*
   *Tel:  (212) 356-2324*
   *Matter #:  2013-045609*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT

    POINT I

        THE § 1983 UNLAWFUL ENTRY CLAIM AND NEGLIGENCE CLAIMS AGAINST JOHNSON, STANTON AND SANTANA MUST BE DISMISSED AS ABANDONED ............................................. 2

    POINT II

        PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTUAL DETAIL TO PLAUSIBLY STATE § 1983 CLAIMS AGAINST GALLITELLI, JOHNSON, STANTON AND SANTANA ............................................. 2

    POINT III

        THE SUPERVISORY LIABILITY CLAIMS AGAINST GALLITELLI FAIL AS A MATTER OF LAW ............................................. 5

    POINT IV

        PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM ............................................. 7

    POINT V

        PLAINTIFF'S STATE LAW NEGLIGENCE CLAIM BASED ON THE INDIVIDUAL DEFENDANTS INTENTIONAL ACTS MUST BE DISMISSED ............................................. 9

POINT VI

    PLAINTIFF'S STATE LAW NEGLIGENT TRAINING AND SUPERVISION CLAIM MUST BE DISMISSED ............................................................................... 10

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITY

**Cases**                                                                                                       **Pages**

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ............................................................................................... 3, 7, 9

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ....................................................................................................... 3

Black v. Coughlin,
   76 F.3d 72 (2d Cir. 1996) .............................................................................................. 6

Cerbelli v. City of New York,
   No. 99 Civ. 6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 193341
   (E.D.N.Y. Sept. 8, 2008) ............................................................................................... 5

Chamberlain v. City of White Plains,
   No. 12-CV-5142 (CS), 2013 U.S. Dist. LEXIS 174745 (S.D.N.Y. Dec. 10, 2013) .............. 2, 4

Colon v. Coughlin,
   58 F.3d 865 (2d Cir. 1995) ......................................................................................... 6, 7

Curley v. Vill. of Suffern,
   268 F.3d 65 (2d Cir. 2001) ............................................................................................ 4

Eze v. City Univ. of N.Y. at Brooklyn College,
   2011 U.S. Dist. LEXIS 148450 (E.D.N.Y. Dec. 27, 2011) .......................................... 10

Febres v. City of New York,
   238 F.R.D. 377 (S.D.N.Y. 2006) .................................................................................. 5

Ferran v. Town of Nassau,
   11 F.3d 21 (2d. Cir. 1993),
   cert. denied, 513 U.S. 1014 (1994) ............................................................................. 9

Fortress Bible Church v. Feiner,
   694 F.3d 208 (2d Cir. 2012) .......................................................................................... 9

Gagliardi v. Village of Pawling,
   18 F.3d 188 (2d Cir. 1994) ............................................................................................ 7

Hernandez v. Keane,
   341 F.3d 137 (2d Cir. 2003) ....................................................................................... 5-6

Jean-Laurent v. C.O. Wilkerson,
   461 Fed. Appx. 18 (2d Cir. 2012) ................................................................................. 4

| **Cases** | **Pages** |
|---|---|
| Martinez v. City of N.Y.,<br>No. 11-CV-7461, 2012 U.S. Dist. LEXIS 173500 (S.D.N.Y. Dec. 6, 2012) | 2 |
| Poe v. Leonard,<br>282 F.3d 123 (2d Cir. 2002) | 6 |
| Prestopnik v. Whelan,<br>249 Fed. Appx. 210 (2d Cir. 2010) | 9 |
| Provost v. City of Newburgh,<br>262 F.3d 146 (2d Cir. N.Y. 2001) | 7 |
| Reynolds v. Giuliani,<br>506 F.3d 183 (2d Cir. 2007) | 6 |
| Rizzo v. Goode,<br>423 U.S. 362 (1976) | 6 |
| Ruston v. Town Bd. For Skaneateles,<br>610 F.3d 55 (2d. Cir. 2010) | 9 |
| Stevens v. City of Bridgeport,<br>607 F.Supp.2d 342 (D. Conn. 2009) | 6 |
| Vilkhu v. City of New York,<br>No. 06-CV-2095 (CPS) (JO), 2008 U.S. Dist. LEXIS 36454,<br>(E.D.N.Y. May 5, 2008) | 10 |
| Whren v. United States,<br>517 U.S. 806 (1996) | 5 |
| Willowbrook v. Olech,<br>528 U.S. 563 (2000) | 8 |
| Ying Jing Gan v. City of N.Y.,<br>996 F.2d 522 (2d Cir. 1993) | 6 |

**Statutes**

| | |
|---|---|
| 42 U.S.C. § 1983 | 1, 2, 5, 10 |
| Fed. R. Civ. P. 12(b)(6) | 11 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

OUMOU BAH, AS ADMINISTRATOR OF
THE ESTATE OF MOHAMMED BAH,

                              Plaintiff,              1:13-cv-06690-PKC-KNF

               -against-                     <u>REPLY MEMORANDUM</u>

THE CITY OF NEW YORK, ET AL.,

                             Defendants.

--------------------------------------------------------x

## **PRELIMINARY STATEMENT**

        Plaintiff is taking the position that in order to make out § 1983 claim, one need only allege that the individual defendants were somehow involved in the events leading up to the underlying incident; but the law in this circuit requires something more: it requires direct participation or personal involvement in the alleged constitutional deprivation. Plaintiff's allegations against the 26th Precinct officers, Gallitelli, Johnson, Santana and Esmeralda, who initially responded to the scene, fail to meet this exacting standard under any theory including failure to intervene or supervisory liability. Further, plaintiff's § 1983 equal protection claim must be dismissed because there is simply no class of one theory supporting such claim. Finally, plaintiff's conclusory negligence claims against the individual defendants must be dismissed, and plaintiff has also abandoned the § 1983 unlawful entry claim.

# ARGUMENT

## POINT I

**THE § 1983 UNLAWFUL ENTRY CLAIM AND NEGLIGENCE CLAIMS AGAINST JOHNSON, STANTON AND SANTANA MUST BE DISMISSED AS ABANDONED**

At the outset, the individual defendants should be granted summary judgment on plaintiff's unlawful entry claim, and the state law negligence claims against Johnson, Stanton and Santana against which plaintiff elected not to oppose. "A court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Chamberlain v. City of White Plains, No. 12-CV-5142 (CS), 2013 U.S. Dist. LEXIS 174745 at *57-58 (S.D.N.Y. Dec. 10, 2013) (quoting Martinez v. City of N.Y., No. 11-CV-7461, 2012 U.S. Dist. LEXIS 173500 at *3 (S.D.N.Y. Dec. 6, 2012) (internal quotation marks omitted). Defendants moved to dismiss plaintiff's illegal entry claim, Def. Br. at 9-14 and the state law negligence claims against Johnson, Stanton and Santana. Def. Br. at 21. Plaintiff does not contest these branches of the motion, and, as such, these claims should be dismissed as abandoned.

## POINT II

**PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTUAL DETAIL TO PLAUSIBLY STATE § 1983 CLAIMS AGAINST GALLITELLI, JOHNSON, STANTON AND SANTANA**

As demonstrated in their main brief, plaintiff facts does not allege that the 26th Precinct officers - Gallitelli, Johnson, Stanton and Santana - were personally involved in the alleged constitutional violations. Def. Br. at 5-7. Rather, they allege that these officers were the first officers to arrive on the scene; that they spoke with Mrs. Bah; went upstairs to decedent's

apartment and knocked on the door; attempted to force their way into the apartment; had a brief conversation with decedent in which he refused their assistance, told them to go away and then closed and locked the door; that they refused to allow Mrs. Bah to speak with her son; and then Gallitelli called for ESU personnel. Comp., ¶¶ 26-31. Beyond that, there are no further allegations in the complaint regarding Gallitelli, Johnson, Stanton or Santana's actions or whereabouts.

Plaintiff initially argues that the motion should be denied as to these defendants because plaintiff doesn't know if they were involved in the alleged act of dragging the decedent's body from his apartment to the ambulance. Pl. Br. at 14. This argument fails because the fact that plaintiff may need discovery to uncover facts to support her cause of action does not cure this pleading deficiency. "[B]efore proceeding to discovery, a complaint must allege facts suggestive of illegal conduct," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 n.8 (2007); and a plaintiff whose "complaint is deficient under Rule 8 . . . is not entitled to discovery." Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009). Plaintiff's confessed inability to offer anything more than conjecture that the 26th Precinct officers may have been involved in this alleged unlawful conduct underscores, rather than cures, this deficiency in the complaint.

Plaintiff's fall-back argument is that the motion should be denied as to the 26th Precinct officers because they "failed to intervene to prevent other officers from inflicting the harms alleged." Pl. Br. at 14-16. This argument fails because plaintiff simply has not alleged a failure to intervene claim against the 26th Precinct officers, or any individually defendant for that matter, in her complaint. Indeed, the complaint does not even use the words "intervene" or "intercede", but rather alleges that each of the 26th Precinct officers were directly involved in the alleged constitutional violations. Comp. at ¶¶ 95-99.

3

Further, even reading the complaint liberally it fails to implicitly allege a failure to intervene claim. To properly allege a failure to intervene claim, there must be allegations that plausibly support the inference that the 26th Precinct officers observed or had reason to know that the decedent's rights were being violated and had an opportunity to intervene to prevent that harm from occurring. Jean-Laurent v. C.O. Wilkerson, 461 Fed. Appx. 18, 21-22 (2d Cir. 2012); see also, Chamberlain, 2013 U.S. Dist. LEXIS 174745 at *41-42. Plaintiff's allegations do not plausibly support such a claim.

The complaint here utterly fails to allege that any of the 26th Precinct officers either knew of a constitutional violation or had an opportunity to intervene. Instead, plaintiff, again points to the officers' direct actions, rather than their actions vis-à-vis other officers who allegedly violated plaintiff's rights, such as conversations with family members, failure to follow EDP procedure, seek a translator, comply with EDP procedure, and so on. Pl. Br. at 15-17. None of these items taken separately or together even remotely suggests that these officers had knowledge of the alleged future violations of the decedent's constitutional rights, or had an opportunity to intervene to prevent the alleged future unlawful entry or excessive force. See, e.g., Curley v. Vill. of Suffern, 268 F.3d 65, 72 (2d Cir. 2001) (dismissing failure to intervene claim because plaintiff had not shown that defendant observed or had reason to know that excessive force would be used).

Finally, plaintiff's do not allege that the 26th Precinct officers had personal involvement in the alleged constitutional violations - the alleged unlawful entry, the alleged use of excessive force or the alleged violation of plaintiff's due process or equal protection rights. Rather, the allegations regarding these officers actions before ESU arrived, and the allegations

regarding Gallitelli's failure to comply with NYPD EDP guidelines or procedures do not make out a constitutional claim. Def. Br. at 8-9.

## POINT III

### THE SUPERVISORY LIABILITY CLAIMS AGAINST GALLITELLI FAIL AS A MATTER OF LAW

The only allegations against Gallitelli, in his supervisory capacity, involve his actions before the alleged constitutional violations, See Point II above, or the alleged violations of NYPD EDP procedures which do not set forth a constitutional violation. Def. Br. at 8-9. Whether Gallitelli acted in accordance with a provision of the NYPD Patrol Guide is irrelevant to the question of whether he violated the constitution. See Whren v. United States, 517 U.S. 806, 815 (1996) (recognizing that police enforcement practices are variable and unreliable measures for which to evaluate the constitutionality of an alleged Fourth Amendment violation); Febres v. City of New York, 238 F.R.D. 377, 389 (S.D.N.Y. 2006) (agency's internal procedures do not give rise to constitutionally protected interest). Plaintiff's efforts to factually explain away the ruling in Cerbelli v. City of New York, No. 99 Civ. 6846 (ARR)(RML), 2008 U.S. Dist. LEXIS 193341 (E.D.N.Y. Sept. 8, 2008) because that case did not involve the "complete departure" from NYPD EDP policy, Pl. Br. at 19, fail because even a complete failure to meet internal guidelines (which defendants deny happened here) would have no bearing on whether actions are constitutional or not. Plaintiffs have not cited any cases for the proposition that a complete failure to comply with internal guidelines would constitute constitutional violations because there are none. As such, to the extent that plaintiff's § 1983 supervisory liability claim is premised on such alleged violations it must be dismissed.

More fundamentally, however, Gallitelli's supervisory liability cannot rest on *respondeat superior* or "proof of linkage in the … chain of command." Hernandez v. Keane,

341 F.3d 137, 144 (2d Cir. 2003); Ying Jing Gan v. City of N.Y., 996 F.2d 522, 536 (2d Cir. 1993). In other words, a supervisory official may not be held liable merely because he held a position of authority. Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996) (citations omitted). Rather, insofar as pertinent here, the supervisory officer may be considered personally involved if he or she: (1) directly participated in the violation … [or] … (4) had been grossly negligent in managing subordinates who caused the violation…. Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (citations omitted).

To support a finding of personal involvement based on a failure to supervise, the fourth Colon factor, plaintiff must show that the Gallitelli "knew or should have known that there was a high degree of risk that [subordinates] would behave inappropriately . . . but either deliberately or recklessly disregarded that risk by failing to take action that a reasonable officer would find necessary to prevent such a risk[.]" Poe v. Leonard, 282 F.3d 123, 142 (2d Cir. 2002). Further, plaintiff must prove causation; "that is, that the [defendant's] 'inadequate supervision actually caused or was the moving force behind the alleged violations.'" Stevens v. City of Bridgeport, 607 F.Supp.2d 342, 356 (D. Conn. 2009) (quoting Reynolds v. Giuliani, 506 F.3d 183, 193 (2d Cir. 2007)); see Rizzo v. Goode, 423 U.S. 362, 371 (1976) (explaining that supervisory officials do not have a general duty to prevent future misconduct). The allegations in plaintiff's complaint fall far short of demonstrating the intent or the causation elements of such a claim to support an allegation of supervisory liability on Gallitelli's part. Gallitelli was not supervising the ESU officers at the time of the alleged unlawful entry, alleged use of excessive force, or any other claimed constitutional violations. Def. Br. at 7-8. Further, the allegations regarding Gallitelli – that he observed Mrs. Bah at the scene, was told that the decedent was acting irrationally, directing the Emergency Medical Services to remain on the 4th

floor, fail to allege any facts that would allow the Court to "draw the reasonable inference that [defendant Gallitelli] is liable for the misconduct alleged," Iqbal, 556 U.S. at 678. None of these actions or decisions had constitutional implications.

Further, under first Colon factor – the "direct participation" theory of supervisory liability - there must be "personal participation by one who has knowledge of the facts that rendered the conduct illegal," and encompasses personal participation that may be considered "indirect," "such as ordering or helping others to do the unlawful acts, rather than doing them him- or herself." Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. N.Y. 2001) (footnote omitted). Plaintiff again points to Gallitelli's actions such as conversations with family members, seek a translator, comply with EDP procedure, and so on, Pl. Br. at 18-19, but these allegations do no demonstrate the requisite knowledge or aid to meet the standard in the first Colon factor.

## POINT IV

### PLAINTIFF FAILS TO STATE AN EQUAL PROTECTION CLAIM

In her opposition, plaintiff states that defendants have "misconstrued" her Equal Protection claim, which she contends is based not on decedent's race or ethnicity but on his classification as an EDP. Pl. Br. at 20. However, plaintiff has failed to plead facts to support such a claim. As set forth in defendants' moving papers, an Equal Protection claim based on selective treatment requires a showing that, inter alia, the plaintiff was treated differently than similarly situated individuals. Def. Br. at 15. See also Gagliardi v. Village of Pawling, 18 F.3d 188, 193 (2d Cir. 1994). Plaintiff's purported Equal Protection claim based on decedent's status as an EDP is fatally flawed because she has not pleaded the existence of any persons similarly situated to decedent who were treated differently.

7

Indeed, plaintiff's Equal Protection theory was perhaps "misconstrued" because it is nonsensical. Given that plaintiff devotes much of her complaint and her opposition to allegations that EDP's <u>should</u> be treated differently than non-EDP's – <u>i.e.</u> that the defendant officers should have adhered to the NYPD's policy for responding to EDP encounters, and/or that the City should have adopted an EDP policy akin to the Memphis Model (<u>see</u>, <u>e.g.</u>, Comp. at ¶¶ 69-76; Pl. Br. at 9-10), ostensibly on the theory that situations involving EDPs are different and require specialized training, personnel and procedures – it is entirely unclear how a non-EDP could be "similarly situated" to an EDP in the context of responding to an emergency like the one presented in this case. In her complaint, plaintiff does not identify any similarly situated non-EDPs who were treated differently than decedent, nor does she even make an effort to explain what a similarly situated non-EDP would be. The only arguably similarly situated persons identified by plaintiff are other EDPs, who she claims were treated not differently but in the <u>same</u> (allegedly improper) manner as deceden**t**. Comp. at ¶¶ 61-68; Pl. Br. at 8-9. Accordingly, plaintiff has failed to state an Equal Protection claim, and that claim should be dismissed.

Plaintiff's reference in her Opposition to the "class of one" theory (Pl. Br. at 20-21) does nothing to salvage her claim. Plaintiff cites <u>Willowbrook v. Olech</u>, 528 U.S. 563 (2000) for the proposition that courts have recognized "class of one" Equal Protection claims, under which a single individual can claim a violation of his Equal Protection rights based on arbitrary disparate treatment; however, as <u>Willowbrook</u> holds (and as plaintiff herself points out), such claims are recognized "where the plaintiff alleges that [ ]he has been intentionally <u>treated differently from others similarly situated</u> and that there is no rational basis for the difference in treatment." <u>Willowbrook</u>, 528 U.S. at 564 (emphasis added). Indeed, to prove a class of one

claim, a plaintiff must demonstrate "an extremely high degree of similarity between [plaintiff] and [his] comparators," Fortress Bible Church v. Feiner, 694 F.3d 208, 222 (2d Cir. 2012) (citing Ruston v. Town Bd. For Skaneateles, 610 F.3d 55, 59-60 (2d. Cir. 2010)); he must show that he was "treated differently than someone who is prima facie identical in all relevant respects" such that, inter alia, "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate governmental policy…." Prestopnik v. Whelan, 249 Fed. Appx. 210, 213 (2d Cir. 2010) (internal quotation and citation omitted). As set forth above, plaintiff has made no effort to explain how a non-EDP could ever be similarly-situated to an EDP in the context of a factual scenario like the one at bar, let alone identify a single such individual who is "*prima facie* identical" to decedent. Her claim therefore fails as a matter of law and should be dismissed.[1]

## POINT V

**PLAINTIFF'S STATE LAW NEGLIGENCE CLAIM BASED ON THE INDIVIDUAL DEFENDANTS INTENTIONAL ACTS MUST BE DISMISSED**

In their main brief, defendants narrowly argued that plaintiff's negligence claims based on the individual defendants intentional acts must be dismissed. Defendants never moved to dismiss plaintiff's negligence claims in their entirety, or the negligence claims pled against Licitra and Gallitelli. Def. Br. at 17. Defendants moved on this narrow basis because New York State does not recognize negligent intentional acts. Def. Br. at 18. Plaintiff's opposition to the

---

[1] The only other case that plaintiff cites in support of her Equal Protection claim is Ferran v. Town of Nassau, 11 F.3d 21 (2d. Cir. 1993), cert. denied, 513 U.S. 1014 (1994). However, it is unclear how that case, which does not address an Equal Protection claim, supports a finding that her Equal Protection claim has been adequately pled.

extent that it argues that plaintiff may plead negligent and intentional torts in the alternative is beside the point –defendants do not argue that plaintiff may not alternatively plead negligence and intentional torts.

At least one court has dismissed such inconsistent claims at the pleading stage where, as here, the particular factual allegations are only consistent with intentional, or perhaps reckless, conduct. Eze v. City Univ. of N.Y. at Brooklyn College, 2011 U.S. Dist. LEXIS 148450 at *19-20 (E.D.N.Y. Dec. 27, 2011); see Vilkhu v. City of New York, No. 06-CV-2095 (CPS) (JO), 2008 U.S. Dist. LEXIS 36454, at *29-30 (E.D.N.Y. May 5, 2008) ("The question is not of alternative pleadings arising out of the same conduct, but of a single set of facts which if proved can only provide the basis for one or more intentional torts (which themselves may be alleged alternatively). Here, defendants' motion seeks to dismiss the conclusory allegations set forth in paragraphs 133 and 134 of the complaint against the individual defendants based on the only conduct alleged against them in the complaint, that is, their alleged intentional or at least reckless conduct. Def. Br. at 19-20.

## POINT VI

### PLAINTIFF'S STATE LAW NEGLIGENT TRAINING AND SUPERVISION CLAIM MUST BE DISMISSED

In their main brief, defendants argued that plaintiff's state law negligent training and supervision claims should be dismissed as a matter of law because it is incompatible with her *respondeat superior* claim. Def. Br. at 22. In her opposition, plaintiff cites to cases discussing motions to dismiss § 1983 claims against the municipality (Monell claims) based on a failure to train or supervise which have no bearing on this state law claim. See Pl. Br. at 24-25. As such, for the reasons set forth in the moving papers, the state law negligent training and supervision claim in the Seventh Claim must be dismissed.

**CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court dismiss the complaint to the extent discussed above with prejudice under Fed. R. Civ. P. 12(b)(6), together with the costs, expenses and disbursements of this motion.

Dated: New York, New York
February 21, 2014

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the City of
  New York
*Attorney for Defendants*
THE CITY OF NEW YORK, JOSEPH MCCORMACK, MICHAEL LICITRA, ROBERT GALLITELLI, BRIAN STANTON, ESMERALDA SANTANA and VINCENT JOHNSON
100 Church Street, Room 3-162
New York, New York 10007
(212) 356-2324
bmyrvold@law.nyc.gov

By: _____
  Barry Myrvold
  Ashley Garman

1:13-cv-06690-PKC-KNF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OUMOU BAH, AS ADMINISTRATOR OF THE ESTATE OF MOHAMMED BAH,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants.

**REPLY MEMORANDUM**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Barry Myrvold*
*Tel: (212) 356-2324*
*Matter #: 2013-045609*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................................. , 20......*

*............................................................................, Esq.*

*Attorney for...................................................................*