

1250 Broadway, 27th Floor, New York, NY 10001
tel.  212-619-5400 • fax  212-619-3090
www.nfllp.com

April 2, 2014

<u>*Via Facsimile (212-805-7949) and ECF*</u>
Honorable P. Kevin Castel
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

Re: *Estate of Mohamed Bah v. City of New York, et al.*
    *1:13-CV-6690 (PKC)(KNF)*

Your Honor:

We represent the Plaintiff in the above referenced action.  We submit this letter in response to the City's letter, dated April 1, 2014, [Doc. 43] requesting that Defendants Mateo, Kress, and Green (collectively the "Shooter Defendants") be permitted to join the fully briefed and submitted motion to dismiss filed by the City; or in the alternative, extend the Shooter Defendants' time to answer the Amended Complaint.

As a preliminary matter, the Shooter Defendants are already in default for a second time in this action.  This Court previously granted one extension of the Shooter Defendants' time to respond [Doc. 41], to March 31, 2014.  Their April 1, 2014 request for further extension is neither timely; nor was Plaintiff consulted to consent, as per Your Honor's individual rules.

With respect to the City's untimely request for the Shooter Defendants to be included in the fully briefed motion, Plaintiff opposes such a request.  First, many of the arguments raised previously by the City would not be available to the Shooter Defendants as they played an active and decisive role in the injury sustained by Plaintiff's decedent. Second, the motion is fully submitted and to include the Shooter Defendants' unbriefed arguments would unduly delay the Court's consideration of the pending motion, and unduly prejudice Plaintiff as she would not

have had the opportunity to address the issues pertaining to the Shooter Defendants, as opposed to the other defendants, whose arguments have been addressed.

Further, it is Plaintiff's understanding that the internal investigation into the conduct of the Shooter Defendants, which Corporation Counsel has previously cited as the reason for requested stays and extensions, has still not concluded. Yet the City now represents the Shooter Defendants. As such, the problem created by Defendants' prematurely filed motion to dismiss and delay in noticing their representation of the Shooter Defendants is of the City's own making and should not now prejudice Plaintiff, who diligently opposed the City's motion.

Accordingly, the City's request should be denied, and the Shooter Defendants found in default for failing to request this relief or otherwise respond by the extended deadline.

Respectfully submitted,

NEWMAN FERRARA LLP

Randolph M. McLaughlin

cc: All Counsel of Record (*via e-mail*)