

THE CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
212-356-2355
*Facsimile: (212) 356-3509*
sscharfs@law.nyc.gov

**MEMO ENDORSED**

July 7, 2015

Honorable Kevin Nathaniel Fox *(by ECF)*
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re: <u>Bah v. City of New York, et al.</u>, 13 CV 6690 (PKC) (KNF)

Dear Magistrate Judge Fox:

    I represent defendants in the above-referenced action. I write to request an order pursuant to Local Civil Rule 54.1(c)(3) granting defendants the Court's prior approval to recover fees spent on behalf of their expert witnesses. If the Court grants this request, these fees would be taxable as costs in the event that defendants prevail at trial.

    Local Rule 54.1(c)(3) provides that fees for expert witnesses are taxable if "prior court approval was obtained." Fees are granted so long as there was a reasonable need to retain the experts in question. See <u>Green v. Torres</u>, No. 98 Civ. 8700 (JSR), 2002 U.S. Dist. LEXIS 8096, at *6 (S.D.N.Y. May 7, 2002) (<u>vacated</u> on other grounds by <u>Green v. Torres</u>, 59 Fed. Appx. 400 (2d Cir. 2003)). As demonstrated below, there is a reasonable need to retain individuals with police practices and forensic pathology expertise here.

    Briefly stated, this action, brought pursuant to 42 U.S.C. § 1983 and New York State law alleges, <u>inter</u> alia, unlawful entry and excessive force claims arising from a September 25, 2012 shooting incident at the apartment of plaintiff's decedent, an emotionally disturbed person, at 113 Morningside Avenue in Manhattan, as well as claims for municipal liability based on alleged policies, practices, and customs of the City of New York. Although plaintiff has not yet produced expert disclosures, plaintiff has advised that she has retained forensic pathology and police practices experts to testify in connection with her prosecution of this case.[1] In order

---

[1] As the Court is no doubt aware, the scheduling order in place does not set a separate schedule for expert discovery or interim deadlines for expert disclosures. By agreement of the parties, plaintiff was to serve expert disclosures on or before June 30, 2015. However, plaintiff did not do so and did not advise defendants of her intention not to do so in advance of the agreed-upon date. Only after defendants inquired as to the status of the disclosures on July 1,

Continued...

to defend against plaintiff's claims that that the shooting was not justified based on her experts' opinions and interpretations of the evidence, defendants have retained police practices and forensic pathology experts to rebut the opinions of plaintiff's experts and to opine on matters relevant to plaintiff's claims, such as police tactics, training, handling of emotionally disturbed persons, ballistics, firearms, and use of force. Even were the testimony of either or both of plaintiff's experts to be excluded under the federal rules, as interpreted in <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579 (1993), and its progeny, the testimony of defendants' experts would nonetheless still be an important part of defendants' proof and would be necessary to explain and relate police practices and the physical evidence and autopsy findings to the underlying incident.

For these reasons, defendants respectfully request that the Court grant defendants' application for expert witness fees with respect to their forensic pathology and police practices experts.

We thank the Court for its consideration of the above.

7/13/15
Based on the information provided by the defendants in the instant writing, their request is denied.
SO ORDERED:
/Kevin Nathaniel Fx/
**KEVIN NATHANIEL FOX, U.S.M.J.**

Respectfully submitted,

/s/

Susan P. Scharfstein

cc: Randall McLaughlin, Esq. *(by ECF)*

---

2015, did plaintiff advise for the first time that her ability to produce the disclosures was conditioned on certain depositions of defendants' witnesses – which had only recently been noticed – having taken place. Accordingly, defendants do not know the specifics of plaintiff's proposed expert testimony at this time.

2