UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
OUMOU BAH, as administrator of the estate of
MOHAMED BAH,

                                        Plaintiff,

            -against-

THE CITY OF NEW YORK, et al.,

                                        Defendants.
-------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6-30-16

13-cv-6690 (PKC)(KNF)

ORDER

CASTEL, U.S.D.J.

            Before this Court is defendants' motion to seal certain documents submitted by

plaintiff in support of his opposition to defendants' motion for summary judgment.  (Dkt. 162.)

Specifically, defendants seek to seal:

> "(1) a Letter of Instruction, issued on June 24, 2014, to the personnel file of one of
> the defendant officers in connection with an internal NYPD review of the
> September 25, 2012, incident (the "Letter of Instruction"); (2) the NYPD ESU
> [Emergency Service Unit] Entry Level Training Course Outline related to the
> training provided to new ESU officers at the Specialized Training School (the "ESU
> Course Outline"); (3) the NYPD Hostage Negotiation Team ("HNT")
> Organizational and Tactical Guide (the "HNT Tactical Guide"); and (4) a Final
> Summary Report of the NYPD Chief of Department's Firearms Discharge Review
> Board, including a First Endorsement thereto by the Police Commissioner's Office
> (the "FDRB Final Summary Report and First Endorsement").

            With respect to the Letter of Instruction, the Court concludes that defendants have

failed to meet their burden to justify sealing.  While a violation of police regulations does not, in

itself, establish a constitutional violation, it may be relevant in determining the objective

reasonableness of the defendant officer's actions.  Further, defendants have failed to point to

countervailing factors that would overcome the presumption of public access and warrant

sealing.  Although the defendant officer has an expectation of privacy in his personnel records,

the Letter of Instruction is directly relevant to the issues in the present litigation.  Accordingly, the motion to seal the Letter of Instruction, and consequently, references to the Letter of Instruction in the FDRB Final Summary Report and First Endorsement, is denied.

Assuming that the HNT Tactical Guide is a judicial document, the Court finds that the presumption of access is relatively low.  No member of the HNT Tactical Unit is a defendant in the case, and therefore, the relevance of the Tactical Guide is minimal, if non-existent.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006) ("Moving down the continuum, away from 'matters that directly affect an adjudication' and towards 'matters that come within a court's purview solely to insure their irrelevance,' we explained that 'the weight of the presumption declines.'" (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995))).  Lugosh cannot be read to hold that any document, regardless of relevance, demands a high presumption of access merely by attaching the document to a summary judgment motion.  Such an interpretation would incentivize litigants to attach all sorts of irrelevant documents to their dispositive motions for the sole purpose of obtaining a high presumption of accessibility.  Even if the presumption of access was high, however, defendants have demonstrated that countervailing factors weigh in favor of sealing.  Particularly, the HNT Tactical Guide includes "descriptions of personnel who would be present" during hostage situations, descriptions of how to deal with hypothetical scenarios that could arise, and "negotiation techniques that are currently used by the NYPD." (Zimmerman Decl. ¶ 4.)  In the wrong hands, this information could significantly increase the risk of danger to those tasked with ensuring the safety of officers, hostages and the public at large.

Similarly, the vast majority of the ESU Course Outline is entirely irrelevant to plaintiff's motion.  While plaintiff cites the document in its entirety for the proposition that the

ESU attend specialized training (Pl.'s Rule 56.1 Counterstatement ¶ 307), most of that training is not implicated by plaintiff's claims. Indeed, plaintiff only relies on two points in the entire ESU Course Outline. (Pl.'s Rule 56.1 Counterstatement ¶¶ 308, 310, 312). With respect to Pages 12 and 15 of the ESU Course Outline—the pages to which plaintiff cites—defendants have sufficiently demonstrated countervailing reasons to justify sealing. Although the presumption of public access is high, the ESU Course Outline is protected by the law enforcement privilege. The law enforcement privilege attaches to, among other things, "information pertaining to 'law enforcement techniques and procedures.'" In re The City of New York, 607 F.3d 923, 944 (2d Cir. 2010). The ESU Course Outline describes specific weapons used by the ESU and the training they receive. Release of such information "could potentially interfere with, if not outright compromise the safety of . . . response, as well as ESU's drills and maneuvers in general." (Galvin Decl. ¶ 5.) Because the ESU perform "tactical and technical rescue duties," the Court concludes that disclosure of specific training information "could undermine the safety of law enforcement personnel and would likely undermine 'the ability of a law enforcement agency to conduct future investigations.'" Id. (quoting Morrissey v. City of New York, 171 F.R.D. 85, 90 (S.D.N.Y. 1997)).

Accordingly, defendants' motion to seal (Dkt. 162) is GRANTED to the extent that they seek to seal the ESU Course Outline and the HNT Tactical Guide (Cohen Decl., Ex. 22, 29), and DENIED insofar as they seek to seal the Letter of Instruction (Cohen Decl., Ex. 17), references to the Letter of Instruction in the FDRB Final Summary Report and First Endorsement (Cohen Decl., Ex. 18, 52(d)), and references to the Letter of Instruction in plaintiff's Rule 56.1 Counterstatement ¶¶ 404, 438, 651(d), 652, 653, and 654. The parties shall confirm their motion papers with the above rulings within 10 days of this order.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 30, 2016