**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x

OUMOU BAH, AS THE
ADMINISTRATOR THE ESTATE OF
MOHAMED BAH,

        Plaintiff,                                  13 Civ. 6690 (PKC)(KNF)

    vs.

THE CITY OF NEW YORK; DET. EDWIN MATEO;
P.O. ANDREW KRESS; P.O. MICHAEL GREEN;
P.O. JOSEPH MCCORMACK; LT. MICHAEL
LICITRA; LT. ROBERT GALLITELLI; P.O. BRIAN
STANTON; P.O. ESMERALDA SANTANA; P.O.
VINCENT JOHNSON,

        Defendants.
----------------------------------------------------------------------x

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 51 of the Federal Rules of Civil Procedure ("F.R.C.P."), Plaintiff

submits herewith her requests to the Court to give the following instructions to the jury, in

addition to such other generally applicable instructions that the Court may give. Pursuant to Rule

51(a)(2)(A), Plaintiff reserves the right to file supplemental jury instructions after the close of the

evidence.

## PARTIES

Plaintiff Oumou Bah, as the Administrator of the Estate of Mohamed Bah, brings this

action against the City of New York, Detective Edwin Mateo, P.O. Andrew Kress,  P.O. Michael

Green, P.O. Joseph McCormack, Lieutenant Michael Licitra, Lieutenant Robert Gallitelli, P.O.

Brian Stanton, P.O. Esmeralda Santana and P.O. Vincent Johnson.

1

## INSTRUCTION 71-2[1]
## ROLE OF THE COURT

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be or ought to be, it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Authorities**: *The Patapso Insurance Co. v. Southgate*, 30 U.S. 604, 621, 8 L. Ed. 243 (1831); *Franks v. United States Lines Co.*, 324 F.2d 126 (2nd Cir. 1963).

## INSTRUCTION 71-3
## ROLE OF THE JURY[2]

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as

---

[1]  Instruction citations are to Sand, et al., *Modern Federal Jury Instructions: Civil* (2016), unless indicated otherwise. These instructions are patterned after or adopted therefrom.
[2] Adapted from the charges of Judge Weinfeld in *Mollica v. Compania Sud-America DeVaporea*, Civ. 65-60 (S.D.N.Y.).

there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence.  Nor is what I may have said—or what I may say in these instructions—about a fact, an issue or evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed to be struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff has proven her case, and Defendants have proven their affirmative defenses.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are specifically to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

## INSTRUCTION 71-10
## SYMPATHY

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Authorities**: *In re Murchison*, 349 U.S. 133, 75 S. Ct. 623, 99 L. Ed. 942 (1955); *Joan W. v. City of Chicago*, 771 F.2d 1020 (7th Cir. 1985).

## INSTRUCTION 71-13
## PUBLICITY—REMINDER

Let me remind you once again to avoid reading about the case in the newspapers, watching any news concerning the case on television or listening to any radio accounts of the case. Please be mindful of my admonition that you must limit the information you get about the case to what comes to you in the courtroom through the rules of evidence.

**Authorities**: *United States v. Williams*, 809 F.2d 1072 (5th Cir.), *reh'g denied*, 817 F.2d 1136 (1987); *United States v. Herring*, 568 F.2d 1099 (5th Cir. 1978); *United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974), *cert. denied*, 419 U.S. 1120 (1975).

## INSTRUCTIONS 73-1; 73-2
## BURDEN OF PROOF
## PREPONDERANCE OF THE EVIDENCE

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who

has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is as equally probable that one side is right as it is that the other side is right? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he or she must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of evidence.

You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial; that requirement does not apply in a civil case such as this.

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your spouse?" You would not be permitted to consider as true the assumed fact that he ever beat the spouse, unless the witness him/herself indicated he/she had, or unless there was some other evidence in the record that they had beaten their spouse.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness' credibility—you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations are intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection that controls.

You may not consider exhibits marked as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements that I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Authorities**: *United States v. Aluminum Co. of America*, 1 F.R.D. 62 (S.D.N.Y. 1939); *Sims v. Greene*, 161 F.2d 87 (3rd Cir. 1947); *Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir. 1986); *United States v. State of Texas*, 523 F. Supp. 703 (E.D. Tex. 1981); *Haines v. Powermatic Houdaille, Inc.*, 661 F.2d 94 (8th Cir. 1981); *Rasmussen Drilling, Inc., v. Kerr-McGee Nuclear Corporation*, 571 F.2d 1144 (10th Cir. 1978), *cert. denied*, 439 U.S. 862 (1978).

## INSTRUCTION 74-2
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

I told you that evidence comes in various forms—such as the sworn testimony of witnesses, exhibits, and stipulations. In addition, there are two different kinds of evidence—direct evidence and circumstantial evidence.

Direct evidence can prove a material fact by itself. It doesn't require any other evidence. It doesn't require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what he or she saw, heard, or felt. In other words, when a witness testifies about what is known from his/her own personal knowledge by virtue of his/her own senses, what he or she sees, touches, or hears—that is direct evidence. The only question is whether you believe the witness's testimony. A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference. You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is the opposite of direct evidence. It cannot prove a material fact by itself. Rather, it is evidence that tends to prove a material fact when considered together with other evidence and by drawing inferences. There is a simple example of circumstantial evidence that is often used in the federal courts.

Assume that when you got up this morning it was a nice, sunny day. But when you looked around you noticed that the streets and sidewalks were very wet. You had no direct evidence that it rained during the night. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to infer that it had rained during the night.

Not all circumstantial evidence presents such a clear compelling inference; the strength of the inferences arising from circumstantial evidence is for you to determine. It is for you to decide how much weight to give to any evidence.

Inferences from circumstantial evidence may be drawn on the basis of reason, experience, and common sense. Inferences may not, however, be drawn by guesswork, speculation, or conjecture.

The law does not require a party to introduce direct evidence. A party may prove a fact based entirely on circumstantial evidence or upon a combination of direct and circumstantial evidence. Circumstantial evidence is not less valuable than direct evidence. The law makes no distinction between direct and circumstantial evidence. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are, and in arriving at your verdict.

## INSTRUCTION 74-14
## DEPOSITIONS

Some of the testimony before you is in the form of depositions that have been received in evidence. A deposition is simply a procedure where the attorneys for one side may question a witness or an adverse party under oath before a court stenographer prior to trial. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## INSTRUCTION 75-1
## INFERENCES

In their arguments, the attorneys have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences, if any, you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, is permitted to draw— but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proved, such reasonable inferences as would be justified in light of your experience.

**INSTRUCTION 76-1**
**PJI 1:22; 1:92[3]**
**WITNESS CREDIBILITY**

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and importance of each witness's testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid or evasive and edgy, as if hiding something? How did the witness appear? What was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party, as well as any interest the witness has in the outcome

_____

[3] These are references to the New York Pattern Jury Instructions: Civil, 3rd ed. (2016).

of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

You have heard the testimony of witnesses who are civilians and the testimony of witnesses who are police officers. At the time of the occurrence involved in this case the police officers were employees of the City of New York.  The fact that these witnesses were or still are employed as police officers by the City of New York, a Defendant in this case, may be considered by you in determining whether their testimony was in any way influenced by their employment relationship with the City of New York. In evaluating this testimony, you are to apply the same standards of evaluation to each witness. You shall not give any greater or lesser weight to the testimony of a witness solely because of his or her occupation as a police officer.

If you find that any witness has testified falsely as to any material fact, you may disregard that witness's entire testimony. Or, you may disregard so much of it as you find was untruthful, and accept so much of it as you find to have been truthful and accurate.

**Authorities:** *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944); *Dyer v. MacDougall*, 201 F.2d 265, 269 (2d Cir. 1952).

**INSTRUCTION 76-3**
**INTERESTED WITNESS**

In evaluating the credibility of the witnesses, you should take into account any evidence that the witness may benefit from the outcome of the case. The fact that he or she is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to determine from his or her demeanor on the stand, and in such other tests as your experience dictates, whether or not his or her testimony has been colored intentionally or unintentionally by his or her interest. You are at liberty, if you deem it proper under all the circumstances to do so, to disbelieve the testimony of such a witness even though it is not otherwise impeached or contradicted. However, you are not required to disbelieve such a witness, and may accept all or such part of his or her testimony as you deem reliable and reject such part as you deem unworthy of acceptance.

**INSTRUCTION 76-9**
**EXPERT WITNESSES**

In this case, I have permitted certain witnesses to express their opinions about matters that are at issue. A witness may be permitted to testify to an opinion on matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in the case. You should not, however, accept opinion testimony merely because I allowed the witness

to testify concerning his or her opinion. Nor should you substitute it for your own reason,

judgment and common sense. The determination of the facts in this case rests solely with you.

## INSTRUCTION 87.03
## FEDERAL CIVIL RIGHTS CLAIMS UNDER SECTION 1983

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983. The statute

provides a remedy for individuals who have been deprived of their federal constitutional rights

under color of state law. Section 1983 states in part that:

> Every person who, under color of [state law], subjects or causes to be subjected any
> citizen of the United States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by the [United States]
> Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a federal remedy for persons who have been deprived by state

officials or someone acting under color of state law of rights secured to them by the United

States Constitution.

## INSTRUCTION 87-68
## ESSENTIAL ELEMENTS OF A SECTION 1983 CLAIM

To establish her claim under section 1983, the Plaintiff must demonstrate, by a

preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the Defendants acting under color of

state law;

Second, that in committing these acts, Defendants deprived Mr. Bah of a right protected

by the Constitution of the United States; and

Third, that the Defendants' acts were a proximate cause of the injuries and damages

sustained by Mr. Bah.

I will explain each of these elements to you.

**INSTRUCTION 87-69**
**FIRST ELEMENT: ACTION UNDER COLOR OF STATE LAW**

As to the first element—whether the Defendants were acting under color of state law—there is no dispute in this case that during the events at issue here Defendants were, at the time, employed by the City of New York and acting under color of law. This element is uncontested. The parties do not dispute that at the time of the incident, the Defendants were acting in his or her capacities as police officers.

**INSTRUCTION 87-74**
**SECOND ELEMENT: DEPRIVATION OF RIGHT**

The second element of the Plaintiff's claim is that Defendants, in committing the acts complained of, deprived Mr. Bah of a federal right. Plaintiff claims in this case that Mr. Bah was deprived of his rights to be free from an unreasonable seizure and from the use of excessive force under the Fourth Amendment to the United States Constitution. The constitutional violations complained of herein will be explained in more detail later in my instructions to you.

Certain aspects of this element of Plaintiff's claim are not contested. The parties do not dispute that Defendants Mateo, Kress, Green and McCormack discharged their weapons at Mr. Bah, nor do they dispute that they intended to do so. The question for you on this second element was whether those uses of force were reasonable under the totality of the circumstances known to the officers at that time.

**INSTRUCTION 87-79**
**THIRD ELEMENT: PROXIMATE CAUSE**

The third element that Plaintiff must prove is that the Defendants' acts were a proximate cause of the injuries sustained by Mr. Bah. An act is a proximate cause if it was a substantial factor in bringing about the injury. You must determine whether injury or damage suffered by Mr. Bah was a reasonably foreseeable consequence of the Defendants' actions.

# UNLAWFUL ENTRY – FOURTH AMENDMENT STADARD

The Plaintiff claims that the Defendants violated Mr. Bah's constitutional rights under the Fourth Amendment, which protects against unreasonable searches and seizures by government agents.

In general, the search of a person's home is *per se* unreasonable under the Fourth Amendment, unless it is conducted pursuant to a search warrant specifically authorizing the government agent to enter and search the person's home. In this case, the Defendants did not have a search warrant. Because the ultimate touchstone of the Fourth Amendment is reasonableness, however, the warrant requirement is subject to certain exceptions. One such exception is the exigent circumstances doctrine

Under the exigent circumstances doctrine, as noted earlier, police officers may enter a home without a warrant to render emergency assistance to an injured occupant or to protect an occupant from imminent injury. In this case, the Defendants contend that their actions were justified under the exigent circumstances doctrine. The parties disagree over whether or not the circumstances confronting the police officers that day justified their decision to make entry into Mr. Bah's home.

In a civil action such as this, it is the Plaintiff's burden to prove by a preponderance of the evidence that the Defendants' actions were not justified by the exigent circumstances doctrine.

In determining whether exigent circumstances exist, the essential question is whether police officers are confronted by an urgent need to render aid or take action. The mere possibility of danger does not justify a warrantless entry. Rather, a warrantless entry in response to exigent circumstances requires a probability that a person is in danger.

In determining whether exigent circumstances existed in this case, you must consider the totality of the circumstances confronting the Defendants on the scene, including the need for a prompt assessment of sometimes ambiguous information concerning potentially serious consequences. Exigent circumstances existed if, given the facts known to the police officers at the time, they reasonably believed that someone was in danger or in need of assistance inside the home of Mr. Bah. On the other hand, exigent circumstance did not exist if a reasonable person in the Defendants' position would not have believed that someone was in danger or in need of assistance inside the home of Mr. Bah.

For the Plaintiff to prevail on her claim, she further must prove that the Defendants intentionally entered the home of Mr. Bah.

In this context, a person acts "intentionally" when the act is done consciously and deliberately and not because of mistake, accident, or negligence. In this case, it is not disputed that the Defendants intentionally entered Mr. Bah's home, and this element has been established. Accordingly, the Plaintiff has already met her burden on this point.

In sum, after considering all of the evidence, if you find that the Plaintiff has proved by a preponderance of the evidence that exigent circumstances did not exist in this case, then you must find in favor of the Plaintiff in her claim against the Defendants.

On the other hand, if you find that the Plaintiff has failed to prove the absence of exigent circumstances, you must find in favor of the Defendants.

**Authorities Cited:** *Brigham City of Utah v. Stuart*, 547 U.S. 398, 403 (2006); *Tierney v. Davidson*, 133 F.3d 189, 196 (2d Cir. 1998); *Ruggiero v. Krzeminiski*, 928 F.2d 558, 563 (2d Cir. 1991); *United States v. MacDonald*, 916 F.2d 766, 769 (2d Cir. 1990) (*en banc*). *Harman v. Rice*, 927 F.2d 74, 81 (2d Cir. 1991); *Kerman v. City of New York*, 261 F.3d 229, 236 (2d Cir. 2001); *Tierney v. Davidson*, 133 F.3d 189, 196-97 (2d Cir. 1998).

## INSTRUCTION 87-74C
## EXCESSIVE FORCE–FOURTH AMENDMENT STANDARD

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force from police officers. In other words, a police officer may only employ the amount of force reasonably necessary under the circumstances.

The Plaintiff claims that excessive force was used by Defendants Mateo, Kress, and Green when they shot and killed Mr. Bah and by Defendant McCormack when he used his taser on Mr. Bah on September 25, 2012. A person has a constitutional right under the Fourth Amendment to be free from excessive force. An officer is entitled to use deadly force when he or she reasonably believes that a person is using or is about to use deadly physical force against the officer or another person. Whether a police officer is permitted to use deadly force in a given situation depends on whether his or her conduct is objectively reasonable given the totality of circumstances known to the officer at the time of his or her actions.

**Authorities**: *Tennessee v. Garner*, 471 U.S. 1 (1985); *Ford v. Childers*, 855 F.2d 1271 (7th Cir. 1988)(en banc); *Terranova v. New York*, 676 F.3d 305 (2d Cir. 2012); *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999).

## INSTRUCTION 87-67
## BURDEN OF PROOF

The Plaintiff has the burden of proving each element of her Section 1983 claim by a preponderance of the evidence. To prove an assertion by a preponderance of the evidence means proving that it is more likely true than not true that the fact occurred.

## INSTRUCTION 87-87
## COMPENSATORY DAMAGES

If the Plaintiff has proved all three essential elements of her Section 1983 claim, then you must award the Estate of Mohamad Bah a sum of money that you believe will fairly and justly compensate for any injury you believe Mr. Bah actually sustained as a proximate result of the

Defendants' actions that violated his constitutional rights, as well as emotional distress, fear, personal humiliation, indignation, and mental anguish caused by that conduct.

## PJI 3:2
## ASSAULT

In addition to the constitutional claims that Plaintiff has asserted against Defendants Mateo, Kress, Green and McCormack, Plaintiff also has claims under New York State law for assault. An assault is the intentional placing of another person in apprehension of imminent harm or offensive contact. A defendant is liable for assault when he or she intentionally causes another person to become concerned that the defendant is about to cause a harmful or offensive bodily contact. In order to commit an assault, the defendant must have the real or apparent ability to bring about that harmful or offensive bodily contact. There must be some menacing act or gesture that causes the belief that a harmful act or offensive bodily contact is about to occur. It is not necessary that there be any contact.

Notice that I used the word "intentionally" in defining assault. Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result, he or she is said to have intended that result. Further, although he or she has no desire to bring about the result, if he does the act knowing, with substantial certainty, that the result will follow, he or she is also said to have intended the result.

In deciding whether Plaintiff has established the claim of assault you must determine whether the actions of Defendants Mateo, Kress, Green and McCormack placed Mr. Bah in apprehension of an offensive or harmful bodily contact.

**PJI 3:3**
**BATTERY**

Plaintiff has also asserted a claim that Defendants Mateo, Kress, Green and McCormack battered Mr. Bah. A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from the act.

Intent involves the state of mind with which the act is done. The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

In this case, there is no dispute that the Defendants Mateo, Kress, and Green shot and killed Mr. Bah and Defendant McCormack tased Mr. Bah. There is also no question that such contact would constitute a battery of Mr. Bah. However, these Defendants contend that their actions were justified. This defense is called justification. On the issue of justification, the Defendants have the burden of establishing by a preponderance of the credible evidence that their acts were in defense of another person and, thus, justified. In order to establish the defense of justification, the Defendants must establish that they reasonably believed that Mr. Bah was about to use force against the Defendants and that the force that the Defendants used against Mr. Bah was reasonable under the circumstances.

**PJI 2:235**
**RESPONDEAT SUPERIOR**

With respect to the state law claims of assault and battery, Plaintiff also seeks to hold the City of New York responsible for the acts of its employees, the named Defendants. An employer is responsible for the acts of its employees if the act is within the furtherance of the employer's

business and is within the scope of the employee's authority. An act is within the scope of an employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

If you find that the named Defendants were acting as police officers and within the scope of their employment on September 25, 2012, and that they wrongfully assaulted and/or battered Mr. Bah, then you may hold the City of New York responsible for the Defendants actions.

## INSTRUCTION 16.01.8[4]
## SUPERVISORY LIABILITY

The Plaintiff in this case alleges that the Defendants violated Mr. Bah's constitutionally protected rights. I have already instructed you on the elements of those claims.

The Plaintiff also seeks to establish liability for the violation of Mr. Bah's rights against supervisory Defendants Lt. Licitra and Lt. Gallitelli. I instruct you that a supervisory official may not be held liable under Section 1983 for the misdeed of his subordinates. In other words, you may not hold Defendants Licitra and Gallitelli liable merely because they had the responsibility and authority to supervise their subordinates.

Under the law, each governmental official, regardless of his or her title, may be held liable only for his or her own misconduct that was a proximate cause of the violation of an individual's federally protected rights. This means that, assuming that you have found that Mr. Bah's constitutional rights were violated, you may return a verdict in favor of the Plaintiff and against Defendants Licitra and Gallitelli only if you find that those Defendants engaged in conduct that was a proximate cause of the violation of Mr. Bah's rights.

---

[4] Martin A. Schwartz and George C. Pratt, Sec. 1983 Litig. Jury Instructions s. 16.01B.

A supervisor may be found to have violated an individual's constitutional rights when the supervisor directly participated in unconstitutional conduct, promulgated the policy or custom under which the unconstitutional conduct occurred, or otherwise set the wheels in motion that reasonably can be said to have caused the constitutional violation. In other words, if you find that Defendant Licitra or Defendant Gallitelli gave an order to his subordinates that resulted in a constitutional violation of Mr. Bah's rights you may return a verdict against either or both supervisors in favor of the Plaintiff.

## PJI 2:277
## DAMAGES
## PURPOSE TO COMPENSATE

My charge to you on the law of damages must not be taken as a suggestion that you should find for the Plaintiff, or that I hold an opinion either in favor or against the Plaintiff or Defendant in this case. It is for you to decide on the evidence presented and the rules of law I have given you whether the Plaintiff is entitled to recover from the Defendant. If you decide that the Plaintiff is not entitled to recover from the Defendant, you need not consider damages. Only if you decide that the Plaintiff is entitled to recover will you consider the measure of damages.

If you find that the Plaintiff is entitled to recover from the Defendants, then you must render a verdict in a sum of money that will justly and fairly compensate the Plaintiff for all losses resulting from the injuries sustained. This is the measure of redress our civil system of justice provides and this law must be followed by you.

The goal is to restore the injured party, to the extent possible, to the position that he or she would have been occupied had he or she not been injured. You are to rely upon the evidence and be fair to both sides and use your everyday good common sense in evaluating the injuries.

The simple rule relating to damages is to award as nearly as possible a just and fair compensation for the injuries that exist insofar as that Plaintiff is concerned.

## PJI 2:320
## DAMAGES
## WRONGFUL DEATH, CONSCIOUS PAIN & SUFFERING

Plaintiff, as the Administrator of the Estate of Mohamed Bah, makes two claims: the first claim seeks damages for the injuries and losses which were sustained by Mr. Bah before he died and the second claim seeks damages resulting from the death of Mr. Bah. You must separately consider each of these claims.

As to the first claim, Plaintiff is entitled to cover such sum as you find will fairly and justly compensate for the pain and suffering actually endured by Mr. Bah during such time as he was conscious from the moment of injury to the moment of death. I instruct you that you may consider any evidence, circumstantial or direct, that tends to prove that Mr. Bah was conscious at the outset of the assault and battery by the Defendant officers and sustained consciousness until his death at their hands.

As to the second claim, damages are the amount that you find to be fair and just compensation for the pecuniary injuries, that is economic losses, resulting from Mr. Bah's death. With respect to economic loss, if you determine that Mr. Bah earned income during his life and would have earned income, after payment of reasonable expenses, to amass sufficient assets that would have passed under the law of intestacy to his heirs, then you may determine, from the proof offered, the extent of such loss and fix an amount that would have passed to his heirs.

In determining that economic value, you should consider the portion of his earnings that Mr. Bah would have spent in the future for his own care and expenses. You should also consider

the amount, if any, by which Mr. Bah, if he had lived, would have increased his estate from his earnings and thus added to the amount that would have been inherited from his.

Mr. Bah was, at the time of his death, 28 years old and, according to the life expectancy tables, had a life expectancy of 47.3 additional years. Life expectancy tables are simply statistical averages. A person might live longer or die sooner than the time indicated by those tables. The figures I just mentioned are not controlling but may be considered by you together with the evidence you heard concerning the health, habits, employment and activities of Mr. Bah prior to his death.

In making your decision, you must consider: the amount Mr. Bah earned prior to his death; the part of those earnings that Mr. Bah would have expended on his own care; Mr. Bah's potential for future earnings based on his past experience and/or training; and the length of time that he would reasonably be expected to continue working. As to this last factor, the work expectancy of Mr. Bah was, according to work expectancy table, 44.6 years. That figure, like the life expectancy figures I mentioned earlier is only a statistical average and is furnished simply as a guide. Taking into account all the factors I have discussed, you must use your own common sense and sound judgment based on the evidence in determining the amount of the economic loss suffered by the Estate of Mr. Bah.

You will make a separate award for those reasonable expenses which were paid for Mr. Bah's funeral and memorial service.

**Authorities:** *Gonzalez v. New York City Housing Authority*, 77 N.Y.2d 663 (1991); N.Y. Pattern Jury Instr.—Civil Appendix A; N.Y. Pattern Jury Instr.—Civil Appendix B.

**PJI 2:278**
**DAMAGES - PUNITIVE**

In addition to awarding damages to compensate the Plaintiff for Mr. Bah's injuries, you may, but are not required to, award the Estate of Mohamed Bah punitive damages if you find that the acts of the Defendants that caused the injuries complained of were wanton, reckless, or malicious.  The purpose of punitive damages is not to compensate the Estate of Mohamed Bah, but to punish the Defendants for their wanton, reckless and malicious actions and thereby to discourage the Defendants and others from acting in a similar way in the future. An act is malicious when it is done deliberately with knowledge of the rights of Mr. Bah, and with the intent to interfere with those rights.  An act is wanton and reckless when it demonstrates a conscious indifference and utter disregard of its effect upon the health, safety, and rights of others.

Dated: New York, New York
      June 9, 2017

          Respectfully submitted,

          NEWMAN FERRARA, LLP

          __s/ Randolph M. McLaughlin_____
          Randolph M. McLaughlin, Esq.
          Debra S. Cohen, Esq.
          Danielle B. Sullivan, Esq.
          1250 Broadway, 27th Floor
          New York, New York 10001
          Tel: 212-619-5400
          Fax: 212-619-3090
          rmclaughlin@nfllp.com
          dcohen@nfllp.com
          dsullivan@nfllp.com

          Franciscus A. Diaba, Esq.
          375 Park Ave., Suite 2607
          New York, New York 10125
          Tel: 212-634-9974
          Fdiaba@diabalaw.com

          Mayo Bartlett, Esq.
          Abdulwali Muhammad, Esq.
          50 Main Street, Suite 1000
          White Plains, NY 10606
          Tel: 914-224-3086
          Fax: 914-468-6333
          mgb@mayobartlett.com
          wm@walimuhammadlaw.com

          *Attorneys for Plaintiff*