**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
OUMOU BAH, AS THE
ADMINISTRATOR THE ESTATE OF
MOHAMED BAH,

      Plaintiff,                                          13 Civ. 6690 (PKC)(KNF)

    vs.

THE CITY OF NEW YORK; DET. EDWIN MATEO;
P.O. ANDREW KRESS; P.O. MICHAEL GREEN;
P.O. JOSEPH MCCORMACK; LT. MICHAEL
LICITRA; LT. ROBERT GALLITELLI; P.O. BRIAN
STANTON; P.O. ESMERALDA SANTANA; P.O.
VINCENT JOHNSON,

      Defendants.
------------------------------------------------------------------------x

## PLAINTIFF'S PROPOSED VOIR DIRE

### Demographic and Background Information Regarding Jurors

1. What borough and neighborhood do you reside in?

2. How long have you resided where you currently reside?

3. Describe the racial demographics of the neighborhood where you live?

4. If you have lived in other places, please describe the racial composition of the neighborhoods that you have lived in previously.

5. Do you have any children? What are their ages? What schools do they attend?

6. Do any of your children live with you?

7. What is your level of education?

8. What is your marital status?

9. What is your level of education? If you went to college or any school above that level, what was your focus of study?

10. If you are currently employed, what type of work do you do?

11. If you are between jobs, please describe what your last job was like?

12. If you have a spouse, are they employed? If so, please describe what they do for a living.

13. If you have children, are any of them employed by a law enforcement agency?

14. What newspapers and/or publications do you read?

15. Do you use social media (Twitter, Facebook, Instagram, Snapchat)? If so, which ones?

16. Do you regularly visit additional websites for news or entertainment? If so, which ones?

17. Are you active in any community or civic associations? If so, please describe which ones, and what positions, if any, you hold in those organizations.

18. Do you watch television or internet programs that concern the legal system? If so, which ones?

19. What shows or programs do you regularly watch?

20. Have you ever had a negative experience with police officers? If so, please describe the circumstances.

21. Have you had any positive experiences with police officers? If so, please describe the circumstances.

22. Is there anything about your prior experiences with police officers that might affect your ability to serve as a juror in this case?

23. Have you ever had any positive experiences with persons of different racial groups? If so, please describe one such experience.

24. Have you had any negative experiences with persons of different racial groups? If so, please describe those experiences.

25. Is there anything about your prior experiences with members of different racial groups that might impact your service as a juror in this case?

### Prior Jury Service

26. Have you ever served as a juror in a civil case?

27. Have you ever served as a juror in a criminal case?

28. Have you ever served as a jury foreman/forewoman?

29. With respect to your prior jury service, did the jury/juries you served on reach a verdict?

30. Will anything about your involvement on any prior jury affect your ability to sit on the jury on this case?

### Experience with Legal System

31. Have you ever been a witness to an incident that resulted in a civil or criminal case? If so, please tell us about your experience as a witness. Please tell us whether you had to testify at a trial or in a deposition.

32. Is there anything about that experience or experiences in civil or criminal cases that will affect your ability to serve as a juror in this case?

33. Have you ever been arrested?

34. Have you, your spouse, or children worked as an investigator? If so, please tell us where they worked as an investigator and whether the job was private, or for a governmental agency?

35. Have you, your spouse, or your children, ever been parties to a lawsuit? If so, state specifically how you or they were involved?

36. Have you, your spouse, or your children ever been the victim of a crime?

37. Do you have any friends or relatives who are attorneys? Please tell us the legal area of practice of your friends or relatives, if you know.

38. Have you ever served on a grand jury?

39. Is there anything about your experiences with the legal system that might impact your ability to serve as a juror in this case?

## Health/Personal Concerns

40. Do you have any health problems that would make it difficult for you to serve as a juror in this case?

41. Do you have any eyesight or hearing problems that might make it difficult for you to serve as a juror?

42. Do you suffer from physical problems that make it difficult for you to sit for an extended period of time?

43. Are you suffering from any emotional problems/situations, which would make it difficult for you to concentrate on someone else's problems, and to sit and listen to the presentation of evidence for long periods of time?

## Relationship with Persons in the Case/Potential Witnesses/Counsel

44. The Plaintiff in this case is Oumou Bah, the Administrator of the Estate of Mohamed Bah. Do you know or recognize the names of Ms. Bah and/or Mr. Bah?

45. The Defendants in the case are Detective Edwin Mateo, Police Officer Andrew Kress, Police Officer Michael Green, Police Officer Joseph McCormack, Lieutenant Michael Licitra, Lieutenant Robert Gallitelli, Police Officer Brian Stanton, Police Officer Esmeralda Santana, and Police Officer Vincent Johnson. Do you know or recognize any of the names of these individuals?

46. The following witnesses may be called: Hawa Bah; Saickou Bah; Sgt. John Capozzi; Dr. Michael Baden; Alpha Diallo; Lt. Robert Gallitelli; Dep. Inspector Matthew Galvin; Det.

Samuel Gilford; P.O. Michael Green; Cpt. Geoffrey Hart; Dr. John A. Hayes; P.O. Vincent Johnson; Bintou Kaba; Rokia Kaba; P.O. Andrew Kress; Lt. Michael Licitra; Gene Maloney; Nadine Massey; Det. Edwin Mateo; Sgt. Joseph McCormack; Cpt. Roberto Melendez; Cpt. Perry Natale; Sgt. Brian O'Toole; P.O Esmeralda Santana; P.O Brian Stanton; Det. Christopher Zaberto. Do you know or recognize any of the names of these individuals?

47. The attorneys for the Plaintiff are Randolph McLaughlin, Debra Cohen, Danielle Sullivan, and Frank Foster from the firm Newman Ferrara LLP, and Franciscus Diaba, Mayo Bartlett and Abdulwali Muhammad. The attorneys for Defendants are Susan Sharfstein, Barry Myrvold, Ashley Garman and Joshua Lax. Do you know any of these attorneys? Have you ever heard of any these attorneys? Do you know anyone who has ever worked for any of the attorneys or been a client of these attorneys?

## Legal Matters

48. Do you understand that this is a civil case and not a criminal case and that no one will be going to prison as a consequence of this verdict?
49. On the other hand, do you understand that the Plaintiff is asking to obtain money for the injuries sustained to Mr. Bah, the decedent?
50. Have you or a family member ever worked for an insurance company?

## Juror's Confidence in Own Fairness

51.  This case involves allegations that police officers used excessive force when they shot and killed Mr. Bah. Is there anything about these allegations that might affect your ability to serve as juror in this case?
52. Given these allegations, are there any experiences from your personal or professional life that could make it difficult for you to sit as a juror in this case?

53. In the course of this trial, the jury will hear the testimony of police officers. Do you believe that, based on their experiences and training, police officers are better witnesses than non-police officers?
54. If the tables were turned, and you were the one suing a police officer, would you want someone with the mind frame that you presently have about sitting on this case as a juror?
55. If you are chosen as a juror, will you stand by your own opinion based on the evidence that comes into the trial?
56. If you are chosen as a juror in this case, will you stand on your own individual analysis of the evidence and not be swayed by any emotions of other jurors?
57. Do you find it difficult to make up your mind between who is right and who is wrong in a family dispute or a problem at the office?
58. When faced with a difficult decision, would you rather leave it to someone else so you won't be blamed if the wrong decision is made?
59. If the vote is such in the jury room that you are the only person with a particular view, will you stand firm in your position and not be swayed by emotion or pressure?
60. Would you be embarrassed among your family/friends/neighbors if you brought a finding of liability against the Defendants?
61. Is there anything that has been said about this case that creates any doubts in your own mind about whether you should sit as a juror in this case?
62. This case has received a fair amount of attention in the news media. Have you heard or read anything about this case in the media? If so, what have you heard or read about this case?
63. During the course of the trial it is anticipated that members of the community will attend the trial as observers. Will the presence of a packed courtroom cause you any concerns?

64. It is also likely that the trial will receive press attention during your services as a juror. Will the coverage of the case by the media and the likelihood that the verdict will be reported in the press cause you any concern?

65. Would you feel embarrassed with and among your co-workers if you brought a verdict against a police officer or the City of New York if it is found that they violated the rights of Mr. Bah?

66. Assuming that some loved one of yours was seeking compensation for violations of Civil Rights and failure of a Deputy Sheriff and/or the Sheriffs to act reasonably, which caused injury and pain and suffering, would you feel satisfied with jurors of the same mind as yours to stand judgment in the case of your friend or loved one?

67. Is there anything that has been said about this case that creates doubt in your own mind about whether you could be fair and impartial?

### **Municipal and Police Liability**

68. If you are selected as a juror, will you be hesitant in rendering a full, fair and complete verdict because of some feeling that it may affect the City of New York financially?

69. Do you believe that a person who complains that he or she has been a victim of constitutional violations is only trying to get attention?

70. Do you disapprove of the legal principle that the Plaintiff may recover damages from the Defendant if it is proved that the Defendant deprived Plaintiff of rights protected by the Constitution and laws of the United States?

71. Do you feel that people should be compensated for the deprivation of their civil and legal rights?

72. Do you believe that conscious pain and suffering, fear, and emotional distress, if proved by the evidence, should not be compensated for in money damages?

73. If, after hearing the evidence and the instructions of the Judge, you find that the Defendants had wrongfully injured the Plaintiff, would you hesitate to make them pay money damages?

74. Do you have a belief, now, without having heard any evidence or the law, that the Defendants should not be held responsible for the actions complained of even if the claims of the Plaintiff are proven?

75. Is there any monetary figure which you believe, in your mind, is too high, that you could not agree to award Plaintiff despite what the evidence supported and what the Judge tells you?

76. Do you believe that a police officer in uniform could be capable of acting wrongfully toward an individual?

77. Do you believe that a police officer would not tell the truth in order to cover up for a wrong done by him or herself and/or another officer?

78. Do you have any relationships with friends or family members that could cause you to sympathize with, give greater credibility to because they, too, are law enforcement officers?

79. Do you think that a member of the New York City Police Department should be given the benefit of the doubt when his or her conduct is challenged and there is a dispute arising out of his or her conduct?

80. Do you have a belief, now, without having heard any evidence of the law, that the Defendants should not be held responsible for the actions complained of even if the claims of the Plaintiff are proven?

81. Would you give greater credence to the testimony of a law enforcement officer because of the fact that he or she is such an officer as compared to the testimony of a non-law enforcement citizen?

**Attitudes on Police Brutality/Knowledge**

82. Have you read or heard anything about police officers shooting and killing unarmed African-American men or women? If so, what have you read or heard about that issue?

83. What was the source of the information you heard or read regarding this issue?

84. Do you have any feelings, one way or another, about the topic of police brutality? If so, what are your feelings on that issue?

85. Regarding police misconduct/police brutality matters, is there anything about your knowledge or feelings concerning this issue that will cause you to have problems serving as a juror in this matter?

86. Do you have any opinions or views regarding police misconduct or brutality? If yes, then what are they?

87. Are you familiar with the term Black Lives Matter? If so, what does that term mean to you?

88. Are you familiar with the term Blue Lives Matter? If so, what does that term mean to you?

89. Are you familiar with the term All Lives Matter? If so, what does it mean to you?

90. Are there any questions or issues that I have not asked you about that you feel might impact your service as a juror in this case? Please tell us what additional information you would like to share with us, privately or in the courtroom.

Dated: New York, New York
June 9, 2017

Respectfully submitted,

NEWMAN FERRARA LLP


___s/ Randolph M. McLaughlin___
Randolph M. McLaughlin, Esq.
Debra S. Cohen, Esq.
Danielle B. Sullivan, Esq.
1250 Broadway, 27th Floor
New York, New York 10001
Tel: 212-619-5400
Fax: 212-619-3090
rmclaughlin@nfllp.com
dcohen@nfllp.com
dsullivan@nfllp.com

Franciscus A. Diaba, Esq.
375 Park Ave., Suite 2607
New York, New York 10125
Tel: 212-634-9974
fdiaba@diabalaw.com

Mayo Bartlett, Esq.
Abdulwali Muhammad, Esq.
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: 914-224-3086
Fax: 914-468-6333
mgb@mayobartlett.com
wm@walimuhammadlaw.com

*Attorneys for Plaintiff*