
COURT'S EXHIBIT NO. 20
IDENTIFICATION/EVIDENCE 2:00 P.M
DKT.#
DATE: 11/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
OUMOU BAH, AS THE
ADMINISTRATOR THE ESTATE OF                        13-cv-6690(PKC)(KNF)
MOHAMED BAH,

                             Plaintiff,

       - against-                                    VERDICT FORM

DET. EDWIN MATEO, et al.,

                            Defendants.
------------------------------------------------------x

*These questions shall be answered in accordance with the Court's instructions on the law.*

### Question 1:

Has plaintiff proven that one or more of the following defendants unlawfully used excessive force on Mr. Bah?

| | | |
|---|---|---|
| Edwin Mateo | Yes ✓ | No ___ |
| Andrew Kress | Yes ___ | No ✓ |
| Michael Green | Yes ___ | No ✓ |
| Joseph McCormack | Yes ___ | No ✓ |

*If you answered "No" as to all defendants, proceed to Question 3. If you answered "Yes" as to any defendant in response to Question 1 proceed to Question 2.*

### Question 2:

Has plaintiff proven that Lieutenant Licitra failed to supervise the unlawful use of excessive force by any of the defendants who you found unlawfully used excessive force in response to Question 1?

       Yes ✓            No ___

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/17

*Regardless of your answers to the prior Questions, answer Question 3.*

**Question 3:**

Has plaintiff proven that one or more of the following defendants unlawfully entered Mr. Bah's apartment?

| | | | |
|---|---|---|---|
| Brian Stanton | Yes _____ | No ✓ |
| Esmeralda Santana | Yes _____ | No ✓ |
| Edwin Mateo | Yes _____ | No ✓ |
| Andrew Kress | Yes _____ | No ✓ |
| Michael Green | Yes _____ | No ✓ |
| Joseph McCormack | Yes _____ | No ✓ |

*Regardless of your answers to the prior Questions, answer Question 4.*

**Question 4:**

Has plaintiff proven that one or more of the following defendants intentionally placed Mr. Bah in apprehension of imminent harmful or offensive contact without justification?

| | | | |
|---|---|---|---|
| Brian Stanton | Yes _____ | No ✓ |
| Esmeralda Santana | Yes _____ | No ✓ |
| Edwin Mateo | Yes _____ | No ✓ |
| Andrew Kress | Yes _____ | No ✓ |
| Michael Green | Yes _____ | No ✓ |
| Joseph McCormack | Yes _____ | No ✓ |

*If you answered "No" as to all defendants, in Questions 1, 3 and 4, your deliberations are finished. Sign and date the verdict sheet and return it to the Deputy Marshal. If you answered "Yes" as to any defendants in Question 1, 3 or 4, please follow the instructions below.*

*Answer this Question 5 only if you answered "Yes" as to Officer Stanton or Officer Santana in response to Question 3.*

**Question 5:**

Has plaintiff proven that Lieutenant Gallitelli unlawfully failed to supervise the unlawful entry into Mr. Bah's apartment by Officer Stanton or Officer Santana?

Yes _____    No _____

*Answer Question 6 only if you answered "Yes" as to Detective Mateo, Officer Kress, Officer Green, or Sergeant McCormack in response to Question 3.*

## Question 6:

Has plaintiff proven that Lieutenant Licitra unlawfully failed to supervise the unlawful entry into Mr. Bah's apartment by Detective Mateo, Officer Kress, Officer Green, or Sergeant McCormack?

Yes _____ No _____

*Answer Question 7 only if you answered "Yes" as to any defendant in response to Question 1.*

## Question 7:

(a) Has plaintiff proven that Mr. Bah's estate suffered compensatory damages as a result of being subjected to the unlawful use of excessive force?

Yes __✓__ No _____

(b) If you answered "Yes" to Question 7(a), state the dollar amount of any actual compensatory damages plaintiff has proven as a result of the unlawful use of excessive force:

$ 2,215,000

(c) If you answered "No" to Question 7(a), state the amount of nominal damages, not to exceed one dollar, to be awarded to the plaintiff on her unlawful use of excessive force claim:

$ _____

*Answer Question 8 only if you answered "Yes" as to any defendant in response to Question 3.*

**Question 8:**

    (a)  Has plaintiff proven that Mr. Bah's estate suffered compensatory damages as a result of an unlawful entry into Mr. Bah's apartment?

        Yes _____        No _____

    (b)  If you answered "Yes," to Question 8(a), state the dollar amount of any actual compensatory damages plaintiff has proven on her unlawful entry claim:

        $_____

    (c)  If you answered "No" to Question 8(a), state the amount of nominal damages to be awarded to the plaintiff on the unlawful entry not to exceed one dollar:

        $_____

*Answer Question 9 only if you answered "Yes" as to any defendant in response to Question 4.*

**Question 9:**

    (a)  Has plaintiff proven that Mr. Bah's estate suffered compensatory damages as a result of the intentional placing of Mr. Bah in apprehension of imminent harmful or offensive contact without justification?

        Yes _____        No _____

    (b)  If you answered "Yes," to Question 9(a), state the dollar amount of any actual compensatory damages plaintiff has proven on her apprehension of imminent harmful or offensive contact without justification claim:

        $_____

    (c)  If you answered "No" to Question 9(a), state the amount of nominal damages to be awarded to the plaintiff on the apprehension of imminent harmful or offensive contact without justification claim, not to exceed one dollar:

        $_____

*Answer Question 10 only for the defendants you answered "Yes" in response to Questions 1 to 6.*

## Question 10:

(a) Has the plaintiff proven that any of the defendants acted maliciously or wantonly, and if so, that plaintiff is entitled to an award of punitive damages?

| Defendant | Yes | No |
|---|---|---|
| Brian Stanton | | ✓ |
| Esmeralda Santana | | ✓ |
| Robert Gallitelli | | ✓ |
| Edwin Mateo | | ✓ |
| Andrew Kress | | ✓ |
| Michael Green | | ✓ |
| Joseph McCormack | | ✓ |
| Michael Licitra | | ✓ |

(b) If you answered "Yes" as to any of the defendants, state the dollar amount of any punitive damages that you award as to that defendant:

| Defendant | Amount |
|---|---|
| Brian Stanton | $ _____ |
| Esmeralda Santana | $ _____ |
| Robert Gallitelli | $ _____ |
| Edwin Mateo | $ _____ |
| Andrew Kress | $ _____ |
| Michael Green | $ _____ |
| Joseph McCormack | $ _____ |
| Michael Licitra | $ _____ |

*Answer Questions 11 through 19 if you answered "Yes" as to any defendant in response to Questions 1 or 3 or 4.*

## Question 11:

Did defendants prove that Mr. Bah had a knife in his hand during his encounter with the ESU Officer defendants?

Yes ✓   No _____

**Questions 12:**

Did defendants prove that any of the following defendants reasonably believed, even if mistakenly, that Mr. Bah was threatening, stabbing, or slashing with a knife at one or more officers in the moments before discharging his firearm?

| | | |
|---|---|---|
| Edwin Mateo | Yes ✓ | No _____ |
| Andrew Kress | Yes ✓ | No _____ |
| Michael Green | Yes ✓ | No _____ |

**Question 13:**

Did defendants prove that Mr. Bah was moving towards Detective Mateo with a knife in his hand when Detective Mateo discharged his firearm?

Yes _____        No ✓

**Question 14:**

Did defendants prove that Sergeant McCormack reasonably believed, even if mistakenly, that Mr. Bah was threatening one or more of the ESU officers with a knife when he deployed his Taser?

Yes ✓        No _____

**Question 15:**

Did defendants prove that Officer Stanton reasonably believed, even if mistakenly, that Mr. Bah was in urgent need of medical assistance when Officer Stanton put his foot in the door threshold?

Yes ✓        No _____

**Question 16:**

Did defendants prove that Officer Santana reasonably believed, even if mistakenly, that Mr. Bah was in urgent need of medical assistance when Officer Santana pushed Mr. Bah's door with her foot?

Yes ✓        No _____

**Question 17**:

Did defendants prove that the any of the ESU officers reasonably believed, even if mistakenly, that Mr. Bah was in urgent need of medical assistance when Mr. Bah became silent inside the apartment?

| | | |
|---|---|---|
| Edwin Mateo | Yes ✓ | No _____ |
| Andrew Kress | Yes ✓ | No _____ |
| Michael Green | Yes ✓ | No _____ |
| Joseph McCormack | Yes ✓ | No _____ |
| Michael Licitra | Yes ✓ | No _____ |

**Question 18**:

Did defendants prove that any of the ESU Officer defendants reasonably believed, even if mistakenly, that Mr. Bah was in urgent need of medical assistance when the pole camera was inserted into Mr. Bah's apartment?

| | | |
|---|---|---|
| Edwin Mateo | Yes _____ | No ✓ |
| Andrew Kress | Yes _____ | No ✓ |
| Michael Green | Yes _____ | No ✓ |
| Joseph McCormack | Yes _____ | No ✓ |
| Michael Licitra | Yes _____ | No ✓ |

**Question 19**:

Did defendants prove that any of the ESU Officer defendants reasonably believed, even if mistakenly, that opening the door to insert the pole camera was necessary to assess whether it was safe to enter the apartment in order to render aid to Mr. Bah?

| | | |
|---|---|---|
| Edwin Mateo | Yes ✓ | No _____ |
| Andrew Kress | Yes ✓ | No _____ |
| Michael Green | Yes ✓ | No _____ |
| Joseph McCormack | Yes ✓ | No _____ |
| Michael Licitra | Yes ✓ | No _____ |

*Your deliberations are finished. The Foreperson should sign and date the verdict sheet and return it to the Deputy Marshal.*

_____
Foreperson

Dated: New York, New York
November 14, 2017